**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DAVID C. LETTIERI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 26-13176-BEM** |
| ) | |
| **MARCOURT INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

*Pro se* Plaintiff, David Lettieri, who is confined at Federal Medical Center ("FMC"), Devens, in Ayer, Massachusetts, initiated this action in a Florida federal court by filing a complaint and motion for leave to proceed *in forma pauperis*. Because Lettieri's claims concern events occurring at FMC Devens, the Florida court transferred the action to this federal court. For the reasons stated below, Plaintiff's motion for leave to proceed *in forma pauperis* is denied and this action is dismissed.

## I.     BACKGROUND

On June 5, 2026, Plaintiff David C. Letteri filed a civil rights complaint and motion for leave to proceed *in forma pauperis* with the United States District Court for the Middle District of Florida. By Order, dated July 7, 2026, the case was transferred to this district. Dkt. 3, Order, No. 6:26-cv-01253-JSS-DCI (M.D. Fla. July 7, 2026).

Plaintiff alleges that he was placed in a "special housing unit" "because of a false ticket [issued for violation of Rule 247 concerning telephone use]." Dkt. 1 at ¶¶ 5–6. He further states

1

that the "defendants had blocked the plaintiff from calling his mother and destroyed all letters towards the plaintiff's mother." *Id.* at ¶ 10. Plaintiff includes a claim for unjust enrichment, because he "had purchased [a] book while being unlawfully imprisoned on false charges." *Id.* at ¶ 17. He states that "[s]ince the charge for imprisonment is false[,] there was an abuse of process for such." *Id.* at ¶ 19. In addition, Plaintiff states that two correctional officers "made threats to the plaintiff" in the presence of a third correctional officer, i*d.* at ¶ 19, and that the "disciplinary hearing officer had threatened to assault the plaintiff," *id.* at ¶ 14. Plaintiff states that the threats have "put the plaintiff in a manner of fear which has obstructed the plaintiff['s] First Amendment right of freedom of speech and redress the government." *Id.* at ¶ 20. Plaintiff seeks damages "for unjust enrichment." *Id.* at 5.

## II.     STANDARD OF REVIEW

Under Prison Litigation Reform Act, the Court preliminarily screens prisoners' complaints seeking relief against a governmental entity, or an officer or an employee thereof. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss a complaint or a portion thereof if the claims raised: (1) are legally frivolous or malicious, (2) fail to state a claim on which relief can be granted, or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). In conducting its review, the Court must construe Plaintiff's complaint generously because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

Generally, a party bringing a civil action before this Court must either pay the required $405.00 filing fee, or seek leave to proceed *in forma pauperis*, that is, without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a), 1915. However, under the Prison Litigation Reform Act, a prisoner bringing a non-habeas civil action generally cannot proceed *in forma pauperis* if he has,

on three or more prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(g). This is commonly referred to as a "three-strikes" rule. When a prisoner has three such prior dismissals, he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.   DISCUSSION

The three-strikes rule applies here because Lettieri has, while a prisoner, filed more than three non-habeas actions that federal district courts, including this Court, have dismissed for failure to state a claim upon which relief may be granted. *See Lettieri v. Fed. Med. Ctr. Devens*, 2025 WL 3022527, at *2 (D. Mass. Oct. 29, 2025) (collecting cases and applying three-strikes rule). Last year, the First Circuit affirmed Lettieri's "'three-strikes' status." *Lettieri v. Santander Bank N.A.*, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025). Lettieri cannot, as a result, proceed with this case without prepaying the filing fee unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, Lettieri "has not met the imminent danger exception of § 1915(g)." *Reis v. Spectrum Health Sys., Inc.*, 2013 WL 12569246, at *1 (1st Cir. July 17, 2013). Lettieri seeks to challenge disciplinary proceedings, complains that his letters were improperly discarded, and that he never received a book that he had purchased, but such alleged misconduct does not place him in imminent danger of any physical injury. Lettieri also alleges that he was threatened, but these alleged threats are speculative and not imminent.

Ordinarily, the Court would provide a litigant with an opportunity to pay the filing fee or to show cause why he should not be required to do so. The Court's records, however, indicate that Plaintiff has filed dozens of non-habeas actions in district courts that have been dismissed for

failure to prepay the filing fee or to show good cause as to why the fee should not be required. *See, e.g., Lettieri v. Garver, et al.*, No. 26-CV-10143-BEM, Dkt. 5 at 3 (D. Mass. 2026) (listing cases and applying three strikes rule). Plaintiff has also been advised several times of the requirement to pay the filing fee. In addition, based on preliminary review under 28 U.S.C. § 1915A(b), Plaintiff's complaint also does not appear to present a claim on which a relief may be granted. Accordingly, in exercise of its inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court does not extend another opportunity to Plaintiff to pay the filing fee or to show cause as to why he should not be required to do so. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

## IV.   CONCLUSION

Accordingly, motion, Dkt. 2, for leave to proceed *in forma pauperis* is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 1915A(b) and the Court's inherent authority. The clerk shall enter a separate order of dismissal.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: July 13, 2026

4